NORTH CAROLINA　　　　　　　　　　IN THE GENERAL COURT OF JUSTICE
GUILFORD COUNTY　　　　　　　　　　DISTRICT COURT DIVISION
　　　　　　　　　　　　FILED　　　　　18 CVD 5397

GASTON NELSON,
　　　　　Plaintiff,　　　　)
　　　　　　　　　　　　　　)
　　vs.　　　　　　　　　　)　　AMENDED COMPLAINT
　　　　　　　　　　　　　　)
CROWN GNI LLC,　　　　　　)
　　　　　Defendant.　　　　)

Plaintiff, complaining of Defendant, alleges and says the following:

1.　Plaintiff is a citizen and resident of Guilford County, North Carolina.

2.　Upon information and belief, Defendant Crown GNI LLC. is a Limited Liability Company organized and existing under the laws of the State of Delaware with its principal office in Duluth, GA and operating a dealership known as Crown Nissan located in Guilford County, North Carolina (hereinafter Defendant will be referred to as "Crown Nissan").

3.　On about July 22, 2015, Plaintiff purchased a 2015 Nissan Titan (hereinafter referred to as the "Titan") from Defendant. The original note on the Titan was in the amount of $59,765.00. This note represented negative equity from previous trade-ins and as a result of this the Plaintiff was making monthly payments of $970.00 towards the purchase of the Titan.

4.　On about February 3, 2016, the Plaintiff returned to Crown Nissan to trade-in his Titan in order to get a vehicle with lower monthly payments. On this date, the Plaintiff traded in his Titan to purchase a 2016 Nissan Rogue from Crown Nissan. For the purchase of the Rogue, Plaintiff signed a note to SunTrust in the amount of $33,750.00. Furthermore, at the time the Titan was traded in for the Rogue the Plaintiff was current on his payments for the Titan.

5.　At the time of the February 3, 2016 transaction, per the parties' usual dealings, the Plaintiff believed that the SunTrust note, for $33,750.00, included any deficiencies from the trade in of the Titan. There was no indication from Crown Nissan that this transaction was different from any previous transactions between the parties.

6.　On about April 26, 2016, Crown Nissan, after allowing the Titan to sit on their lot for 60 days, allowed the Titan's loan to fall into default. Furthermore, on this date, the Titan was reported to Crown Nissan's finance company as being abandoned and subsequently repossessed. Additionally, Crown Nissan informed their finance company that the Titan was surrendered rather than traded in, as was the Plaintiff's intention at the time the Rogue was purchased.

1

7. On about June 1, 2016, Crown Nissan, subsequent to the repossession and contrary to the general practices for surrendered vehicles, offered the Titan for sale and listed the vehicle as certified pre-owned, with the same never having been reported to CarFax as a repossession.

8. On about September 3, 2016, Crown Nissan sold the Titan.

9. On about August 25, 2017, Crown Nissan's finance company advised the Plaintiff that the Titan had been voluntarily repossessed on April 26, 2016. Due to this, a repossession was reported to the Credit Bureau. In turn, the Plaintiff was advised by SunTrust that his credit score had dropped resulting in the Plaintiff now having bad credit.

10. Crown Nissan has refused to provide the Plaintiff with any information regarding the reason for voluntarily repossessing the Titan.

### FIRST CLAIM FOR RELIEF – BREACH OF CONTRACT

11. Plaintiff re-alleges the allegations contained in Paragraphs 1-10 of his Complaint and incorporates the same by reference as if fully set forth herein.

12. There is a valid contract between the parties for the trade in of the Titan for the purchase of the Rogue. Plaintiff fulfilled all the terms and conditions of such contract.

13. Defendant breached such contract by treating Plaintiff's intended trade-in of the Titan as a voluntary repossession of the same, allowing the loan on the Titan to go into default and in other ways to be shown at trial.

14. Plaintiff has been damaged in an amount of up to 25,000.00 as a proximate result of such breach.

### SECOND CLAIM FOR RELIEF – BREACH OF IMPLIED CONTRACT

15. Plaintiff re-alleges the allegations contained in Paragraphs 1-14 of his Complaint and incorporates the same by reference as if fully set forth herein.

16. Alternatively, at Defendant's request, Plaintiff tendered the Titan as a trade-in for the purchase of the Rogue.

17. Defendant knew or should have known that Plaintiff reasonably expected Defendant to treat his tender of the Titan as a trade-in of the same and to allow Plaintiff credit for the reasonable value of the Titan toward the purchase of the Rogue.

18. The reasonable value of the trade-in of the Titan tendered by Plaintiff and accepted by Defendant is up to $25,000.00.

19. Plaintiff is therefore entitled to a judgment against Defendant in the amount of up to $25,000.00, plus interest as provided by law.

### THIRD CLAIM FOR RELIEF – UNJUST ENRICHMENT

20. Plaintiff re-alleges the allegations contained in Paragraph 1-19 of his Complaint and incorporates the same by reference as if fully set forth herein.

21. Alternatively, the Plaintiff conferred a benefit on Defendant by tendering the Titan as a trade-in on the Rogue.

22. Plaintiff did not confer the benefit of tendering the Titan as a trade-in officiously or gratuitously.

23. Defendant consciously accepted the benefit of Plaintiff's tender of the Titan as a trade-in, which had measurable value to Defendant.

24. Defendant has not treated Plaintiff's tender of the Titan as a trade-in or credited the value of the Titan as a credit on the purchase of the Rogue, the reasonable value of the Titan being up to $25,000.00, and has therefore been unjustly enriched by Plaintiff's tendering the Titan as a trade-in.

25. Plaintiff is therefore entitled to a judgment against Defendant in the amount of up to $25,000.00, plus interest as provided by law.

### FOURTH CLAIM FOR RELIEF – UNFAIR & DECEPTIVE TRADE PRACTICES

26. Plaintiff re-alleges the allegations contained in Paragraph 1-25 of his Complaint and incorporates the same by reference as if fully set forth herein.

27. The purchase of vehicles is an activity in and affecting commerce within the meaning of Chapter 75 of the North Carolina General Statutes.

28. Defendants' conduct as alleged above constitutes unfair and deceptive practices in and affecting commerce within the meaning of Chapter 75 of the North Carolina General Statutes.

29. As a proximate result of Defendant's conduct as alleged above, Plaintiff was damaged in an amount of up to $25,000.00. Additionally, Plaintiff is informed and believes that he is entitled to have such damages trebled and be awarded reasonable attorney's fees pursuant to the provisions of N.C.G.S. § 75-16.

## FIFTH CLAIM FOR RELIEF –
## MOTION FOR TEMPORARY RESTRAINING ORDER

30. Plaintiff re-alleges the allegations contained in Paragraph 1-29 of his Complaint and incorporates the same by reference as if fully set forth herein.

31. There is a substantial likelihood that Plaintiff will prevail on the merits of this case.

32. The Plaintiff will suffer immediate and irreparable injury, loss, or damage Defendant is not ordered to amend its report to its finance company regarding the Titan to reflect that the same was tendered as a trade-in and not as a voluntary repossession of the same or to take any such other action necessary to correct the false report that Plaintiff surrendered the Titan.

33. The Plaintiff does not have other adequate remedies available to him.

34. Plaintiff is informed and believes that, pursuant to the provisions of Rule 65 of the North Carolina Rules of Civil Procedure, he is entitled to have the Court to immediately enter an order directing Defendant to amend its report to its finance company regarding the Titan so as to reflect that the same was tendered as a trade-in on the purchase of another vehicle and not as a voluntary repossession of the same or to take any such other action as necessary to correct the false report that Plaintiff surrendered the Titan.

**WHEREFORE**, Plaintiff prays the Court as follows:

1. The Plaintiff have and recover of Defendant an amount of up to $25,000.00 in compensatory damages, plus interest under FIRST CLAIM FOR RELIEF.

2. Alternatively, the Plaintiff have and recover of Defendant an amount of up to $25,000.00 in compensatory damages, plus interest, under SECOND CLAIM FOR RELIEF.

3. Alternatively, the Plaintiff have and recover of Defendant an amount of up to $25,000.00 in compensatory damages under THIRD CLAIM FOR RELIEF.

4. The Plaintiff have and recover of Defendant an amount of up to $25,000.00 in compensatory damages under FOURTH CLAIM FOR RELIEF.

5. The Court treble the Plaintiff's damages and award the Plaintiff reasonable attorney's fees pursuant to the provisions of N.C.G.S. § 75-16 under FOURTH CLAIM FOR RELIEF.

6. The Court grant the Plaintiff a Temporary Restraining Order and/or Preliminary Injunction, ordering Defendant to amend its report to its finance company regarding the

Titan so as to reflect that the same was tendered as a trade-in on the purchase of another vehicle and not as a voluntary repossession of the same or to take other such action as necessary to correct the false report that Plaintiff surrendered the Titan.

7.  The costs of this action be taxed to the Defendant.

8.  A jury trial be had on all the issues raised in the pleadings herein.

9.  The Court grant the Plaintiff such other and further relief as it may deem appropriate.

**JURY TRIAL DEMANDED**

This _14_ day of June, 2018.

_____
K.E. Krispen Culbertson
Attorney for Plaintiff
315-F Spring Garden Street
Greensboro, NC 27401
(336) 272-4299

5

CERTIFICATE OF SERVICE

I, K.E. Krispen Culbertson, a duly licensed attorney at law, do hereby certify that I have served the foregoing Amended Complaint on the Defendant Crown GNI LLC, by mailing a copy thereof to Defendant, by first-class mail, postage prepaid, in an envelope addressed as follows:

>Crown GNI LLC
>Corporation Service Company
>2626 Glenwood Avenue Suite 500
>Raleigh, NC 27608
>
>Michael J. Crook
>Parker Poe
>301 Fayetteville Street
>Suite 1400
>Raleigh, NC 27601

This _15_ day of June, 2018.

_____
K.E. Krispen Culbertson
Attorney for Plaintiff

6